IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Romell Holmes, | C/A No. 0:17-1971-HMH-PJG |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Ed Carrol, | |
| Respondent. | |

The petitioner, Romell Holmes, a self-represented state pretrial detainee confined at the Barnwell County Detention Center, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Petition was filed pursuant to 28 U.S.C. § 1915 and § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed without requiring respondent to file a return.

**I.     Factual and Procedural Background**

Petitioner claims he has been held in the Barnwell County Detention Center for over 180 days without a grand jury indictment in violation of the Fifth and Eighth Amendments. Petitioner indicates he has been charged with first-degree burglary, two counts of armed robbery, and four counts of pointing and presenting a firearm in the Barnwell County Court of General Sessions, case number C16-12-6145. Petitioner indicates he is represented by counsel on these charges. He seeks immediate release from his detention.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B. Analysis

Petitioner indicates he is currently being held on pending state criminal charges. However, "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus. Dickerson v. State of La., 816 F.2d 220, 226 (5th Cir. 1987) (quoting Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)).

*PJG*

Moreover, in Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43-44 (citation omitted). From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

The first part of the test is satisfied in this case because Petitioner indicated he is currently detained on state criminal charges. The second part of the test is met because the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Kugler v. Helfant, 421 U.S. 117, 124 (1975). Because Petitioner can pursue his claims in his pending state criminal matter in state court, especially considering that he has counsel in that matter, he is precluded from seeking federal habeas relief at this time. See Younger, 401 U.S. at 43-44. Thus,
Page 3 of 5

*PJG*

the court finds the Petition should be summarily dismissed because it fails to state a claim upon which relief can be granted.

**III. Conclusion**

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

August 29, 2017  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).